[797 NYS2d 303]

# In the Matter of PAUL KOTCH, an Attorney, Resignor.

Second Department, June 27, 2005

## APPEARANCES OF COUNSEL

*Flamhaft Levy Kamins Hirsch & Rendeiro, LLP*, Brooklyn (*Barry Kamins* of counsel), for resignor.

*Diana Maxfield Kearse*, Brooklyn, (*Diana J. Szochet* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Paul Kotch has submitted an affidavit dated March 7, 2005,

56

wherein he tenders his resignation as an attorney and counselor-at-law (*see* 22 NYCRR 691.9). Mr. Kotch was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on February 2, 1972.

Mr. Kotch avers that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of its submission.

Mr. Kotch is aware of a pending investigation by the Grievance Committee for the Second and Eleventh Judicial Districts into allegations that he is guilty of professional misconduct. He acknowledges that if charges were predicated upon the misconduct under investigation, he could not successfully defend himself on the merits against them. He is aware that the charges would allege that he breached his fiduciary duty by failing to safeguard funds entrusted to him in his attorney trust account, that he permitted a nonlawyer employee to maintain the account, and that he failed to ensure that the funds remained intact.

Mr. Kotch avers that his resignation is submitted subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order, which could be entered as a civil judgment against him, and he specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the proffered resignation.

Inasmuch as it complies with all pertinent Court rules, it is accepted and, effective immediately, Mr. Kotch is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., FLORIO, H. MILLER, SCHMIDT and ADAMS, JJ., concur.

Ordered that the resignation of Paul Kotch is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Paul Kotch is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Paul Kotch shall promptly comply with this Court's rules governing the conduct of disbarred, suspended,

and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Paul Kotch is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the resignor, Paul Kotch, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the resignor shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).